UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GLACIAL CAPITAL, LLC and TRSE HOLDINGS LLC,<br><br>               *Plaintiffs*,<br><br>     v.<br><br>THE PROVINCE OF BUENOS AIRES,<br><br>               *Defendant*. | 1:21-cv-10786 (MKV) |

**MEMORANDUM OF LAW OF THE PROVINCE OF BUENOS AIRES IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

## TABLE OF CONTENTS

| | Page |
|---|---|
| BACKGROUND | 1 |
| ARGUMENT | 1 |
| PLAINTIFFS ARE NOT ENTITILED TO SUMMARY JUDGMENT IN THE AMOUNTS DEMANDED | 1 |
| CONCLUSION | 3 |

The Province of Buenos Aires (the "Province") submits this memorandum in opposition to the motion for summary judgment filed by plaintiffs Glacial Capital, LLC and TRSE Holdings LLC (the "Plaintiffs") on June 28, 2022, ECF Nos. 20-25.

## BACKGROUND

Plaintiffs are two funds that filed a Complaint against the Province on December 16, 2021, based on purported ownership of beneficial interests in debt securities bearing an annual interest rate of 10.875% (the "Notes") issued by the Province under an Indenture dated January 12, 2006 (the "Indenture"). Compl. Ex. 1 (Dec. 16, 2021), ECF No. 1-1. Plaintiffs claim to be owed approximately $32.9 million of outstanding principal and interest on the Notes. *See* Mem. of Law in Support of Pls.' Mot. for Summary Judgment at 4 (June 28, 2022), ECF No. 25 ("Pl. Br."). The Province filed an Answer on February 22, 2022, ECF No. 11, and Plaintiffs filed the instant motion for summary judgment on June 28, 2022, ECF Nos. 20-25.

## ARGUMENT

### PLAINTIFFS ARE NOT ENTITILED TO SUMMARY JUDGMENT IN THE AMOUNTS DEMANDED

The Province does not object to the sufficiency of the proof of ownership submitted by Plaintiffs. *See* Decl. of Luc Dowling (June 28, 2022), ECF No. 22; Decl. of Thomas Einhorn (June 28, 2022), ECF No. 23.[1] However, the amounts calculated by Plaintiffs, *see, e.g.*, Pl. Br. at 4, do not conform to the governing contractual documents and Plaintiffs' motion should thus be denied.

---

[1] The Province does not object to the sufficiency of Plaintiffs' proof of bond ownership based on the Court's previous rulings, *see, e.g.*, *Mazzini v. Republic of Argentina*, No. 03 Civ. 8120TPG, 2005 WL 743090, at *3-4 (S.D.N.Y. Mar. 31, 2005), *aff'd*, 282 F. App'x 907 (2d Cir. 2008), but preserves such issue for all purposes, including appeal.

Specifically, Plaintiffs' calculations fail to account for the 10-day grace period for payment of principal and 30-day grace period for payment of interest provided in Section 5(a) of the Notes.  Terms and Conditions of the Securities, Indenture, Ex. C at §§ 5(a)(i)-(ii) (Dec. 16, 2021), ECF No. 1-1.  Pre-judgment interest is "computed from the earliest ascertainable date the cause of action existed[.]"  N.Y. C.P.L.R. § 5001(b); *see also Spodek v. Park Prop. Dev. Assocs.*, 96 N.Y.2d 577, 578-79 (2001) (pre-judgment interest calculated "from the accrual of the cause of action").  A cause of action exists "when all of the facts necessary to sustain the cause of action have occurred, so that a party could obtain relief in court."  *Vigilant Ins. Co. of Am. v. Hous. Auth. of El Paso, Tex.*, 87 N.Y.2d 36, 43 (1995); *see also Aetna Life & Cas. Co. v. Nelson*, 67 N.Y.2d 169, 175 (1986) (same); *ACE Secs. Corp. v. DB Structured Prods., Inc.*, 25 N.Y.3d 581, 594 (2015) (cause of action exists from the time that the claimant "possessed the *legal right* to demand payment").  Here, as Plaintiffs concede, the "Event of Default arose under the Indenture as of August 25, 2020 —*i.e.* 30 days from the date the installment of interest came due on July 26, 2020"—and as of "February 5, 2021—*i.e.* 10 days from the date the principal payment on the Notes came due on January 26, 2021[.]"  *See* Pls.' Second Rule 56.1 Statement at ¶ 9 (June 28, 2022), ECF No. 21; *see also* Pl. Br. at 3.  Accordingly, the "facts necessary to sustain the cause of action," *Vigilant Ins. Co. of Am.*, 87 N.Y.2d at 43, arose only after the grace periods had passed.  Since the claims did not "accrue," *id.*, until after expiration of the respective grace periods, pre-judgment interest must be reduced accordingly.

## CONCLUSION

For the foregoing reasons, the Province respectfully requests that the Court deny Plaintiffs' motion for summary judgment.

Dated: New York, New York
July 28, 2022

CLEARY GOTTLIEB STEEN & HAMILTON LLP

By: _____
Carmine D. Boccuzzi, Jr. (cboccuzzi@cgsh.com)
Rebecca D. Rubin (rrubin@cgsh.com)
One Liberty Plaza
New York, New York  10006
(212) 225-2000

Rathna J. Ramamurthi (rramamurthi@cgsh.com)
2112 Pennsylvania Avenue, NW
Washington, DC  20037
(202) 974-1500

*Attorneys for The Province of Buenos Aires*

3